UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANDIDO ARCHUNDIA-LOPEZ, et al., | Case No. 2:26-cv-00086-TMC |
| Petitioner, | ORDER GRANTING MOTION FOR ATTORNEY'S FEES |
| v. | |
| LAURA HERMOSILLO, et al., | |
| Respondents. | |

## I.    ORDER

Petitioners obtained habeas relief when this Court held they had been unlawfully subject to mandatory immigration detention without an opportunity for bond. Dkt. 17. Their group habeas petition was brought to enforce the declaratory judgment entered in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). All petitioners were class members, and they were represented by class counsel from the Northwest Immigrant Rights Project (NWIRP), who have filed group petitions on a weekly basis to obtain efficient relief for as many class members as possible. *See, e.g., Tiul Caal v. Hernandez*, No. 2:26-cv-00850-TMC, 2026 WL 754035 (W.D. Wash. Mar. 17, 2026); *Su v. Hernandez*, No. 2:26-cv-00765-TMC, 2026 WL 675287 (W.D. Wash. Mar. 10, 2026); *Flores-Velazquez v. Hermosillo*, No. 2:26-cv-00600-TMC, 2026 WL 523283 (W.D. Wash. Feb. 25, 2026).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

Petitioners now move for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2142(d). Dkt. 21. They ask for fees at market rates rather than statutory EAJA rates given the complexity of both the underlying litigation and the enforcement process resulting from Respondents' failure to comply with the *Rodriguez Vazquez* declaratory judgment. *Id.* at 7–10.

Respondents have not filed an opposition. Under this district's Local Civil Rules, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." W.D. Wash. Loc. Civ. R. 7(b)(2). Based on the lack of opposition and for the reasons previously explained in *Garcia v. Wamsley*, --- F. Supp. 3d ---, 2026 WL 776151 (W.D. Wash. 2026), the Court concludes that Petitioners are entitled to attorney's fees under the EAJA. Petitioners were subject to mandatory immigration detention based on a legal theory that this Court concluded in *Rodriguez Vazquez* violates the law. Because the *Rodriguez Vazquez* declaratory judgment was binding on the parties to the case, and the defendants did not seek a stay of the judgment pending appeal, there was no reasonable basis for the government to ignore the judgment and force class members to file habeas petitions as their only means of seeking relief from unlawful detention. Respondents' position was therefore not substantially justified, and their arguments in defense of these decisions remain unpersuasive.

For the reasons explained in *Garcia* and numerous other fee orders arising from the seriatim habeas petitions to enforce *Rodriguez Vazquez*, Petitioners also meet the standard for receiving attorney's fees at market rates. Because Petitioners are entitled to fees under the EAJA, the Court does not address their arguments that fees would also be warranted as a sanction for bad-faith litigation conduct.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 2

The Court therefore GRANTS Petitioners' motion for attorney's fees (Dkt. 21). Petitioners are awarded fees and costs under the EAJA in the amount of $7,255.00. The judgment shall be amended to include this award in favor of Petitioners.

Dated this 26th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 3